# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| David Lee Wilson, <br><br> Plaintiff, <br><br> v. <br><br> State of Oklahoma, et al., <br><br> Defendants. | Case No. 13-CIV-117-RAW |

## ORDER

Before the court is Plaintiff's Motion for Injunction Destruction of Evidence [Docket No. 64]. Plaintiff's motion is illegible in many instances. It states that "the State's agents are preparing to destroy more evidence…." (Motion, page 1.) Plaintiff's case was dismissed by this court on September 3, 2013 [Docket No. 52]. The court ruled that the complaint failed to state a claim as to any defendant and was filed in evasion of filing restrictions in place against Plaintiff in the United States District Court for the Western District of Oklahoma. Additionally, Plaintiff filed a Notice of Appeal in this matter on November 9, 2013 [Docket No. 54].

Rule 8 of the Federal Rules of Appellate Procedure allow for an initial motion for injunction be filed in the district court while an appeal is pending. Rule 8, F.R.A.P. Requests for injunctions are governed by Rule 65, Fed.R.Civ.P. There are four elements that must be proven for a party to obtain a permanent injunction: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir.2003). The criteria to obtain a preliminary injunction is "remarkably similar." "The only measurable difference

1

between the two is that a permanent injunction requires showing actual success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits." Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 822 (C.A.10, 2007). The elements required for a preliminary or permanent injunction have not been satisfied.

The court has carefully reviewed the record and construes Plaintiff's pleadings liberally. Haines v. Kerner, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); Lorraine v. United States, 444 F.2d 1 (10th Cir. 1971).

Plaintiff's Motion for Injunction Destruction of Evidence [Docket No. 64] is DENIED.

Dated this 20th day of November, 2013.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA